UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES EDWARD SMITH,

    Petitioner,

v.

JENNIFER GRANHOLM, et. al.,

    Defendants.
                                                               /

Civil No. 2:07-15288
HONORABLE NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE PETITION
## FOR DECLARATORY JUDGMENT

Charles Edward Smith, ("petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, has filed a petition for declaratory judgment pursuant to 28 U.S.C. § 2201. In his *pro se* application, petitioner challenges his conviction and sentence on one count of second-degree criminal sexual conduct. For the reasons stated below, petitioner's application for declaratory judgment is dismissed without prejudice.

### I. Background

On August 13, 1999, petitioner was sentenced to 38 months to 15 years by the Genesee County Circuit Court for the crime of second-degree criminal sexual conduct. It is unclear from petitioner's complaint whether he ever appealed his conviction to the Michigan appellate courts.

Petitioner has now filed a *pro se* complaint, which he seeks a declaratory

1

judgment that the state criminal sexual conduct statute, pursuant to which he was convicted, was passed in violation of the United States and Michigan Constitutions.

## II. Discussion

This Court cannot issue a declaratory judgment declaring petitioner's sentence to be constitutionally infirm. Where a state prisoner is challenging the very fact or duration of his or her physical imprisonment and the relief that he or she seeks is a determination that he or she is entitled to immediate release or a speedier release from that imprisonment, his or her sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Declaratory relief is not available in federal court to attack a state criminal conviction and cannot be used as a substitute for an appeal or a petition for writ of habeas corpus. *Ruip v. Commonwealth of Kentucky*, 400 F. 2d 871, 872 (6th Cir. 1968); *See also Tenorio v. Murphy,* 866 F. Supp. 92, 98 (E.D.N.Y. 1994). A petition for declaratory judgment should be dismissed where the preferred remedy available to the petitioner is filing a petition for writ of habeas corpus. *See Harris v. U.S. Bd. of Parole,* 429 F. Supp. 199, 200 (E.D. Okla. 1977).

Petitioner's sole remedy to challenge the constitutionality of his sentence would be by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court will not, however, convert the petition for declaratory judgment into a petition for a writ of habeas corpus. A prisoner's *pro se* action for

declaratory judgment should not be recharacterized by a federal district court as a petition for writ of habeas corpus. *See Bunn v. Conley,* 309 F. 3d 1002, 1007 (7th Cir. 2002). This is because the Antiterrorism and Effective Death Penalty Act (AEDPA) has created "pitfalls" for prisoners who use the wrong procedural vehicle in attacking their conviction or sentence. *Id.* Conversion of a prisoner's civil action to a habeas petition "triggers a much shorter statute of limitations and stringent rules about the ability to file successive petitions." *Id.*

In addition, there is no indication that petitioner has exhausted his state court remedies. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *See also Reaves v. Hofbauer,* 433 F. Supp. 2d 833, 834 (E.D. Mich. 2006). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Id.* The AEDPA preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Because there is no indication that petitioner has exhausted his state court remedies with respect to his claim, this Court will not convert his declaratory judgment action to a petition for writ of habeas corpus.

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the petition for declaratory judgment is **DISMISSED WITHOUT PREJUDICE.**


                    s/Nancy G. Edmunds
                    Nancy G. Edmunds
                    United States District Judge

Dated: December 14, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 14, 2007, by electronic and/or ordinary mail.

                    s/Carol A. Hemeyer
                    Case Manager